The STATE of Ohio, Appellee,

v.

DOE, a.k.a. Bennett, Appellant.

[Cite as *State v. Doe* (1993), 89 Ohio App.3d 475.]

Court of Appeals of Ohio,
Fayette County.

No. CA93–03–010.

Decided Aug. 30, 1993.

*Steven H. Eckstein,* Fayette County Prosecuting Attorney, for appellee.

*David B. Bender,* for appellant.

*Per Curiam.*

Defendant-appellant, Terri Doe, a.k.a. Terri Bennett, was convicted of complicity to trafficking in marijuana pursuant to R.C. 2923.03 and 2925.03. At trial, the state presented evidence that appellant assisted her husband, Robert Bennett, in selling a quarter-ounce bag of marijuana to Christi Palmer, an undercover police detective. Appellant's defense was that she was merely present during the transaction conducted by her husband and did not participate.

Appellant raises a single assignment of error, in which she argues that the trial court erred in allowing Palmer to testify to an oral statement made by appellant when that statement had not been disclosed to appellant in response to her demand for discovery. Appellant contends that under Crim.R. 16(B)(1)(a), she was entitled to a written summary of the oral statement made to the undercover officer during the criminal transaction. We find this assignment of error is not well taken.

Crim.R. 16(B)(1)(a) provides:

"*Statement of defendant or co-defendant.* Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney:

" * * *

"(ii) Written summaries of any oral statement, or copies thereof, made by the defendant or co-defendant to a prosecuting attorney or any law enforcement officer[.]"

Palmer testified that after Robert Bennett gave her the marijuana, she handed the money to appellant, who put it in her pocket. Palmer asked them if the marijuana was good, and appellant said, "I smoked it, I liked it." Palmer indicated that she wrote the statement in her report; however, the report was admitted into evidence and it does not contain that statement. Appellant objected to Palmer's testimony, since the statement was not disclosed during discovery. The state argued that the comment made during the course of the criminal transaction was not a "statement" within the meaning of Crim.R. 16(B)(1)(a). The trial court overruled the objection.

We find no Ohio law directly on point. In *State v. Parson* (1983), 6 Ohio St.3d 442, 6 OBR 485, 453 N.E.2d 689, the Ohio Supreme Court held that an oral statement made by a codefendant to a police officer in response to questioning was discoverable even though it had not been reduced to a written summary prior to the demand for disclosure. *Id.* at 445, 6 OBR at 487, 453 N.E.2d at 691. However, the codefendant's statement was made in response to questioning by a police officer after the commission of the crime, not to an undercover officer during the criminal transaction.

Appellant relies on *State v. DeLeon* (1991), 76 Ohio App.3d 68, 600 N.E.2d 1137, in which the Court of Appeals for Montgomery County held that an oral statement the defendant made to a police officer prior to his arrest should have been disclosed by the state. However, in that case, the police officer was a uniformed police officer investigating the crime, and the statement was made by the defendant after the completion of the offense. Further, the court's primary concern appears to be that the state not circumvent discovery requirements by failing to make a written note or summary of an oral statement. *Id.* at 77, 600 N.E.2d at 1142–1143.

While this court has not specifically addressed the issue, we have decided a case with a somewhat similar fact pattern. In *State v. Smith* (Dec. 9, 1991), Fayette App. No. CA91–05–008, unreported, 1991 WL 261669, the defendant was convicted of trafficking in marijuana after he was involved in drug transactions involving Detective Goetz, an undercover officer. At trial, Goetz used a set of notes he had made during the undercover operation to refresh his recollection. The notes included a summary of what occurred during the transactions, including a description of what was said by the defendant and others. The defendant contended that the prosecutor violated Crim.R. 16 by not providing the notes. This court rejected that argument, stating:

"The term 'statement' as used in Crim.R. 16 has been defined to include a written statement signed or adopted by the person making the statement, a recording of the person's words or a transcription thereof, and a substantially verbatim recital of the person's statement written in a continuous narrative form. * * *

"In the case at bar, Detective Goetz's notes did not include the 'statements' of appellant within the meaning of Crim.R. 16. Appellant does not contend that he signed or otherwise adopted the notes as his own statement or that the notes constituted a transcription of his words. Further, the notes did not contain a verbatim recital of appellant's statements, but merely a rough sketch of the events surrounding the offenses interspersed with paraphrases of what the participant said. While Detective Goetz used quotation marks to highlight a very small portion of what appellant said during the transaction, such fragments were far from being in a continuous narrative form, and from their context appeared to be simply the detective's impressions of appellant's utterances. * * * As Detective Goetz's notes neither contained statements of appellant's nor a summary of any statement within the meaning of Crim.R. 16, they were not discoverable pursuant to that rule." (Citations omitted.) *Id.* at 7–8.

Following the logic of *Smith*, an offhand remark by the defendant during the course of the criminal transaction would probably not be a "statement" within the meaning of Crim.R. 16. See, also, *State v. Fry* (Apr. 21, 1988), Gallia App. No. 86 CA 15, unreported, 1988 WL 38822.

Further, while courts in other jurisdictions have come down on both sides of the issue, see Annotation (1987), 57 A.L.R.4th 827, we find the reasoning of Maryland courts to be persuasive. In *Blake v. State* (1972), 15 Md.App. 674, 292 A.2d 780, the Maryland Court of Special Appeals held that comments made by the defendant to an undercover officer at the time of the offense were not "statements" within the meaning of Maryland's discovery rule, which is similar to Ohio's. In that case, the state had failed to disclose the oral statement despite a motion for discovery filed by the defendant. At trial, an undercover police officer who had purchased a package of heroin from the defendant was permitted to testify about his conversation with the defendant concerning price. The court stated:

"Appellant argues that his ability to defend himself was impaired by the nondisclosure through discovery proceedings of the 'oral statement' as to the purchase price per packet. We find no merit in this contention. We believe that the 'Motion for Discovery and Inspection' called for statements, confessions or admissions obtained after completion of the crime and not those that occurred during the course of the commission of the crime. We think that the trooper's testimony that the purchase price would be $3.00 per packet was a reiteration of

part of the res gestae and not within the ambit of the 'Motion for Discovery and Inspection.' * * * Appellant knew that he was charged with selling heroin and he further obviously knew that some conversation, of necessity, would have ensued between the appellant and the buyer in order to effect the sale. We do not believe appellant was misled or put in such a position that his ability to defend himself was impaired by his not being advised as to the officer's proposed testimony that the purchase price would be $3.00 per packet. Rule 728 addresses itself to statements, oral or written, inculpatory or exculpatory, made by an accused to an agent of the state after, the completion of the crime." *Id.* at 681, 292 A.2d at 783. Accord *Jennings v. State* (1984), 303 Md. 72, 492 A.2d 295.

We adopt the reasoning of the Maryland court. We conclude that the oral statement made by appellant during the course of the criminal transaction to an undercover police officer was not a "statement" within the meaning of Crim.R. 16(B)(1)(a). The state was not required to disclose it in response to appellant's demand for discovery, and the trial court did not err in permitting Detective Palmer to testify. Accordingly, appellant's sole assignment of error is overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

KOEHLER, P.J., WILLIAM W. YOUNG and WALSH, JJ., concur.