OPINION
{¶ 1} Appellant Karen Butcher appeals her conviction, in the Holmes County Court of Common Pleas, for two counts of aggravated vehicular assault, one count of driving under the influence of alcohol, and one count of failure to stop after an accident. The following facts give rise to this appeal.
 {¶ 2} On August 29, 2002, appellant's vehicle collided head-on with a vehicle operated by Howard Smith. At the time of the collision, Julia Harry was a passenger in Smith's vehicle. As a result of the accident, both Smith and Harry were hospitalized for their injuries. Trooper Sean Starr, of the Ohio State Highway Patrol, arrived first on the scene of the accident. Trooper Starr discovered appellant's vehicle unoccupied.
 {¶ 3} Shortly thereafter, EMT personnel found appellant sleeping, in a shed, approximately 400 yards from the scene of the accident. Trooper Starr interviewed appellant and she denied any involvement in the accident and refused to identify herself. Trooper Starr noticed an odor of alcohol, about appellant's person, and handcuffed appellant and placed her under arrest.
 {¶ 4} Following appellant's arrest, Trooper Starr turned appellant over to Trooper Dora Gonzales. Trooper Gonzales briefly questioned appellant and placed her in the back of her cruiser. Upon returning to her cruiser, Trooper Gonzales discovered that appellant was gone and the handcuffs were on the backseat of the cruiser. Following a one and one-half hour search, appellant was found sleeping, under a bush, approximately 100 yards from Trooper Gonzales' cruiser.
 {¶ 5} As a result of this incident, the state charged appellant with two counts of aggravated vehicular assault, one count of driving under the influence of alcohol, one count of escape, and one count of failure to stop after an accident. This matter proceeded to a jury trial on April 29, 2003. At trial, as a sanction for a Crim.R. 16 discovery violation, the trial court dismissed the charge of escape and gave the jury a curative instruction. Following deliberations, the jury found appellant guilty of the remaining counts in the indictment. Thereafter, the trial court sentenced appellant to a one-year prison term.
 {¶ 6} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 7} "I. The defendant-appellant was denied the effective assistance of counsel in violation of his (SIC) Sixth andFourteenth Amendment Rights under the United States Constitution and Article I, Section 10 of the Ohio Constitution.
 {¶ 8} "A. Counsel failed to file a motion to suppress evidence obtained after defendant-appellant's arrest.
 {¶ 9} "B. Counsel failed to make a good faith effort to obtain the presence of an exculpating witness.
 {¶ 10} "II. The trial court erred and the defendant was denied due process when the court failed to grant defendant's motion for a mistrial after the State Committed a Crim.R. 16 Violation.
 {¶ 11} "III. The trial court erred and the defendant was denied due process of law when the court denied defendant's objection to the admissibility of the apology card."
 I {¶ 12} In her First Assignment of Error, appellant maintains she received ineffective assistance of counsel because defense counsel should have filed a motion to suppress and failed to make a good faith effort to obtain the testimony of Harold Butcher. We disagree.
 {¶ 13} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668;State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 14} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any give case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 15} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter
(1995), 72 Ohio St.3d 545, 558, citing Lockhart v. Fretwell
(1993), 506 U.S. 364, 370.
 {¶ 16} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quoting Strickland at 697. Accordingly, we will direct our attention to the second prong of the Strickland test.
 {¶ 17} Appellant sets forth two arguments in support of her First Assignment of Error. First, appellant maintains defense counsel's failure to file a motion to suppress certain statements made by appellant, following her arrest, resulted in ineffective assistance of counsel. In support of this argument, appellant refers to the following statements made by Trooper Gonzales:
 {¶ 18} "Trooper Gonzales: She said she wasn't involved in an accident. `This is bullshit. I wasn't in an accident.'
 "* * * {¶ 19} "When we got back to my car, um, I was just searching her and I saw that she had lots of money in her pockets. I asked her why she had so much money in her pockets and she said, `Everybody else was buying the drinks at the Rattlesnake tonight,' that she didn't buy any and that's why she still had all of her money." Tr. at 114.
 {¶ 20} Appellant also refers to statements made by Louann Marie Ash Yokum, an employee at the Holmes County Jail, who booked appellant and asked her medical questions. Ms. Yokum testified as follows:
 {¶ 21} "Ms. Yokum: When I first noticed the bruising I asked her specifically, `Have you seen someone? Did you see the EMTs?' And she said, `No.' And I had asked her if she wanted to see someone and she said, `No.'
 "* * * {¶ 22} "She had stated to me that the state patrol officer who had handcuffed her had not tightened the cuffs down so she felt that that meant she could go, she could leave." Id. at 133.
 {¶ 23} Finally, appellant refers to statements made by Barbara Sparr, a nurse employed by the Holmes County Sheriff's Department. Ms. Sparr made the following statements at trial:
 {¶ 24} "Barbara Sparr: In that section it asks `Do you have any medical concerns?' She marked, `Yes.' And her medical concerns are listed as `Soreness as general.'" Id. at 189.
 "* * * {¶ 25} "Um, a direct statement was she says, and I put it in quotations at the time there. `I should have had someone else drive me. I don't remember too much.'" Id. at 192.
 {¶ 26} The failure to file a motion to suppress is not per se ineffective assistance of counsel. State v. Madrigal,87 Ohio St.3d 378, 389, 2000-Ohio-448, certiorari denied (2000),531 U.S. 838, quoting Kimmelman v. Morrison (1986), 477 U.S. 365, 384. Failure to file a motion to suppress constitutes ineffective assistance of counsel only if, based on the record, the motion would have been granted. State v. Robinson (1996),108 Ohio App.3d 428, 433. Appellant claims the motion to suppress would have been granted because Trooper Starr never advised her of her Miranda rights following her arrest.
 {¶ 27} The record indicates appellant did not make the statements she challenges, on appeal, as a result of a custodial interrogation. Rather, appellant made these statements spontaneously, unsolicited, and on her own accord. Although appellant was in custody at the time she made the statements to Trooper Gonzales, Ms. Yokum and Ms. Sparr, the statements were not made during a police interrogation. "Interrogation" is defined to include "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Islandv. Innis (1980), 446 U.S. 291, 301.
 {¶ 28} Appellant did not make these statements in response to any questions regarding whether she had been drinking. Instead, appellant made these statements to Trooper Gonzales in response to questions regarding her identity and why she had so much money on her person. Ms. Yokum testified that appellant volunteered the statement that she believed she could leave the cruiser because the handcuffs were not tight. Tr. at 133. Ms. Yokum testified that appellant's statement was not in response to any questions asked by her. Id. Finally, Ms. Sparr testified that appellant volunteered her statement during the course of her medical examination of appellant. Id. at 192.
 {¶ 29} The record supports the conclusion that none of the statements made by appellant occurred during an interrogation. Therefore, appellant was not entitled to Miranda warnings at the time she made these statements. As such, appellant was not denied effective assistance of counsel because the motion to suppress these statements would not have been successful.
 {¶ 30} Appellant also claims defense counsel was ineffective because he failed to make a good faith effort to obtain the testimony of Harold Butcher, appellant's husband At trial, during voir dire examination, Judy Walker testified that, "He [Harold Butcher] said that he was sorry that he got her in all that trouble and that he was driving the car, or that he was driving. That's what he said." Tr. at 239-240. The trial court determined this testimony was not admissible and explained:
 {¶ 31} "* * * The only way that this testimony would be admissible is pursuant to the hearsay exception of declaration of interest. That is 804(B). 804(A) requires that there be a showing of inavailability (sic). Mr. Banks tells me as an officer of this Court that Mr. Butcher is in West Virginia and therefore not subject to service of process which would make him available, so he could be asked about whether he made that statement or not. The Court, however, finds that on April 25, 2003, that would be on the Friday before this case started on Tuesday, Mr. Banks issued a subpoena to Mr. Harold Butcher with a Killbuck address. Now we can't have it both ways. We can't say, `Well, Judge, he's in West Virginia. I've known he's been in West Virginia.' And you can't come in a couple trial days before the commencement of the trial and issue a subpoena with a Killbuck address. In my opinion, the defense has failed to show that Mr. Butcher is unavailable, and therefore I'm going to sustain the State's objection. * * *." Id. at 247.
 {¶ 32} We do not find defense counsel's failure to make a good faith effort to obtain Harold Butcher's testimony prejudiced appellant. Defense counsel issued a subpoena, to a Killbuck address, in an attempt to secure Harold Butcher's presence at trial. Thus, defense counsel did make an effort to obtain Butcher's testimony. Further, there is no guarantee that Harold Butcher would have admitted to driving the vehicle involved in the accident. Also, there is no evidence in the record to establish the existence of corroborating circumstances indicating the trustworthiness of the proposed testimony.
 {¶ 33} Accordingly, we conclude appellant was not prejudiced by defense counsel's failure to file a motion to suppress or failure to secure the testimony of Harold Butcher. The record does not support the conclusion that the result of the trial was unreliable or the proceeding fundamentally unfair as a result of defense counsel's performance.
 {¶ 34} Appellant's First Assignment of Error is overruled.
 II {¶ 35} In her Second Assignment of Error, appellant claims the trial court erred when it denied her motion for a mistrial based upon the state's violation of Crim.R. 16. We disagree.
 {¶ 36} Appellant contends she was entitled to a mistrial because the state failed to disclose the statement she made to Officer Yokum that she thought she could leave the cruiser because the handcuffs were not tight on her wrists. Mistrials need to be declared only when the ends of justice so require and a fair trial is no longer possible State v. Franklin (1991),62 Ohio St.3d 118, 127. The standard of review for evaluating a trial court's decision to grant or deny a mistrial is abuse of discretion. State v. Sage (1987), 31 Ohio St.3d 173, 182.
 {¶ 37} Appellant's request for a mistrial was based upon an alleged Crim.R. 16 violation. Pursuant to Crim.R. 16, the state is under a duty to disclose evidence favorable to a defendant. This rule provides, in pertinent part, as follows:
 {¶ 38} "(B) Disclosure of evidence by the prosecutingattorney
 {¶ 39} "(1) Information subject to disclosure
 {¶ 40} "(a) Statement of defendant or co-defendant. Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney:
 {¶ 41} "(i) Relevant written or recorded statements made by the defendant or codefendant, or copies thereof."
 {¶ 42} Crim.R. 16(E)(3) provides for the regulation of discovery and permits a trial court to exercise discretion in selecting the appropriate sanction for a discovery violation.State v. Wiles (1991), 59 Ohio St.3d 71, 78; State v. Parson
(1983), 6 Ohio St.3d 442, 453. Specifically, Crim.R. 16(E)(3) provides:
 {¶ 43} "If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."
 {¶ 44} Generally, a trial court must impose the least severe sanction for a discovery violation that is consistent with the purposes of the rules of discovery. City of Lakewood v.Papadelis (1987), 32 Ohio St.3d 1, syllabus. In State v.Joseph, 73 Ohio St.3d 450, 458, 1995-Ohio-288, the Ohio Supreme Court articulated the standard for reversals in the context of discovery violations, stating that:
 {¶ 45} "Prosecutorial violations of Crim.R. 16 are reversible only when there is a showing that (1) the prosecution's failure to disclose was a willful violation of the rule, (2) foreknowledge of the information would have benefited the accused in the preparation of his defense, and (3) the accused suffered some prejudicial effect." Id., citing Parson at 445.
 {¶ 46} In the case sub judice, there is no dispute that the state did not disclose appellant's unsolicited statement to Deputy Yokum. An issue exists as to whether the state had an obligation to disclose this statement since the statement was never reduced to writing and was not made in response to a custodial interrogation. In State v. Doe (1993),89 Ohio App.3d 475, the Twelfth District Court of Appeals stated that, "* * * [a]n offhand remark by the defendant during the course of the criminal transaction would probably not be a `statement' within the meaning of Crim.R. 16." Id. at 478.
 {¶ 47} Nonetheless, in the case sub judice, the trial court granted appellant a continuance and dismissed the escape charge. The trial court also gave a curative instruction, to the jury, concerning prior testimony surrounding the escape charge. Tr. at 144. We conclude the trial court did not abuse its discretion when it denied appellant's motion for a mistrial. There is no evidence that the state's failure to disclose was a willful violation of Crim.R. 16, that foreknowledge of the statement would have benefited appellant in the preparation of her defense or that appellant suffered some prejudicial effect.
 {¶ 48} Accordingly, appellant's Second Assignment of Error is overruled.
 III {¶ 49} Appellant contends, in her Third Assignment of Error, the trial court erred when it admitted an apology card into evidence. We disagree.
 {¶ 50} The apology card at issue contains the following message:
 {¶ 51} "Sending a little prayer for you as I have been praying for a time. I pray you are now doing better and will continue to improve and be happy. I pray many loving blessings for you. And I pray your forgiveness. I am so very sorry. I didn't mean to cause you harm. In my heart been breaking for you both. I am so sad to cause you pain. I do care and hope you are feeling better. Karen." See State's Exhibit D.
 {¶ 52} The admissibility of the apology card is governed by Evid.R. 801(D)(2)(a). This rule provides as follows:
{¶ 53} (D) Statements which are not hearsay
 {¶ 54} "A statement is not hearsay if:
 "* * * {¶ 55} "(2) Admission by party-opponent. The statement is offered against a party and is (a) his own statement, in either his individual or a representative capacity, or (b) a statement of which he has manifested his adoption or belief in its truth, or (c) a statement by a person authorized by him to make a statement concerning the subject, or (d) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship, or (e) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy upon independent proof of the conspiracy."
 {¶ 56} Appellant objected to the admission of the apology card on the grounds that there was insufficient evidence to establish that she sent the card. Specifically, appellant refers to the fact that Mr. Smith did not have first-hand knowledge that appellant sent the card and the state did not present the testimony of any witness that saw appellant write the apology in the card. The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Sage, supra, at paragraph two of the syllabus. Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 57} The record indicates that prior to admitting the apology card into evidence, the trial court conducted a voir dire examination of Mr. Smith. Following the voir dire examination of Mr. Smith, the trial court found the apology cared admissible for the following reasons:
 {¶ 58} "* * * First, I concur with Mr. Banks this is being offered to prove the truth of the matter asserted and therefore has to bear sufficient indicia of reliability that it would be the defendant's card and no one else. If not, it is hearsay. The question is does the State have sufficient indicia of reliability here and authenticity to prove that the defendant issued this card. For the following reasons I'm going to admit the D-1 and D-2 into evidence. A) it was sent within a fairly short period of time after the collision; B) it was sent from somebody in the Canton area; C) it was sent to Mr. Smith but it was addressed to both of the victims, Howard and Julia; D) it is addressed by somebody who is obviously remorseful for their conduct and E) it is signed by somebody named Karen, and the defendant's first name is Karen. * * *" Tr. a 104.
 {¶ 59} The rationale for permitting evidence of an out-of-court statement by a party to the action is set forth in the staff note to the rule:
 {¶ 60} "* * * Problems of trustworthiness are not critical in this class of admission since the opposing party controls the decision to introduce the statement and the party declarant will be in court to refute any unfavorable impact of the statement."
 {¶ 61} Based upon the above findings made by the trial court, we conclude the trial court did not abuse its discretion when it admitted the apology card into evidence. The statement is offered against the declarant who is a party to the action. Therefore, the apology card falls within the exception to the rule excluding hearsay.
 {¶ 62} Appellant's Third Assignment of Error is overruled.
 {¶ 63} For the foregoing reasons, the judgment of the Court of Common Pleas, Holmes County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Holmes County, Ohio, is affirmed.
Costs assessed to appellant.