OPINION
{¶ 1} Defendant-appellant Terry L. Wilson appeals his conviction and sentence entered by the Stark County Court of Common Pleas, on one count of possession of cocaine, following a jury trial. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On February 4, 2005, the Stark County Grand Jury indicted appellant on one count of possession of cocaine, in violation of R.C.2925.11 (A)(C)(4)(a), a felony of the fifth degree. Appellant entered a plea of not guilty to the charge at his arraignment on February 25, 2005. The matter proceeded to jury trial on March 21, 2005.
 {¶ 3} At trial, Patrolman Charles Redleski of the Jackson Township Police Department testified he was on routine patrol at approximately 10:30pm on December 12, 2004, when he was dispatched to the BP gas station on Portage Street, between Interstate 77 and Sunset Strip. The dispatch indicated "59 activity" occurring in the parking lot of the gas station. Patrolman Redleski explained "59 activity" refers to ongoing drug activity. After being advised of the nature of the call, Patrolman Redleski requested a K-9 Unit also be dispatched to the scene. When the officer arrived at the BP station, he observed a red Taurus, which had been described by the dispatcher, parked in the northeast corner of the lot. When Redleski pulled up to the Taurus, appellant exited the vehicle from the driver's side. Patrolman Redleski activated the audio and video taping devices in his cruiser as well as the body microphone attached to his gun belt.
 {¶ 4} Redleski testified there were two female passengers in the vehicle, one sitting in the front passenger seat, and the second sitting in the back seat on the passenger's side of the vehicle, as well as an infant in a carrier in the back seat. Officer Redleski advised appellant a K-9 Unit would be arriving at the scene. When Officer Redleski was asked if appellant objected to the K-9 Unit, the officer noted appellant "didn't have a yea or nay about it", but noted appellant said okay. Tr. at 21.
 {¶ 5} Officer Jason Collins testified he was dispatched to the BP gas station on Portage Street near Interstate 77 at approximately 10:30pm on December 12, 2004, for "59 activity". Officer Collins stated Officer Redleski was already at the scene; therefore, Collins acted as backup.[1]
Collins recalled when K-9 Officer Eric Haynam and his dog, Lou, arrived, Haynam walked the dog around the perimeter of the vehicle. Lou "hit" on the driver's door and the passenger's door, indicating drugs may be inside the vehicle. Officer Haynam opened the door and allowed Lou inside the vehicle. Officer Collins stated he did not see where Lou "hit" on the interior because he was standing away from the vehicle. Officer Haynam conducted an interior search of the vehicle and found a small bag containing a white powdery substance, which the officers believed to be cocaine. Appellant was placed under arrest and Officer Collins transported him to the Jackson Police Department. At the station, a field test kit was conducted on the substance, which indicated it was, in fact, cocaine. Collins stated appellant had over nine hundred dollars in cash in his wallet which was confiscated and tagged as evidence.
 {¶ 6} Officer Eric Haynam detailed the training which Lou had undergone. Haynam noted Lou was first trained as a patrol dog, then subsequently trained as a narcotics dog. Lou was specifically trained in the scents of cocaine and its derivative, marijuana and its derivatives, heroin and methamphetamine. Lou completed an eight week school for drug training and undergoes retraining every week for four hours. Officer Haynam described the procedure he follows during a typical drug search. Thereafter, he detailed the search of appellant's vehicle. He explained he gave Lou the search command and walked the animal around the perimeter of the vehicle. Lou "hit" or scratched both the driver's door and the passenger's door of the vehicle. After receiving a positive indication on the exterior of the vehicle, Officer Haynam released Lou into the interior of the vehicle. Lou "hit" on the glove box and the floorboard center console area of the driver's side of the vehicle. Officer Haynam rewarded Lou and placed the dog in the back of his cruiser. Thereafter, Officer Haynam searched the interior of the vehicle, concentrating on the areas Lou identified. The Officer found a purple Crown Royal bag containing a razorblade, a digital scale, and three packages of one inch by two inch plastic bags. Under the floor mat of the driver's side, the officer found a small plastic bag containing a white powdery substance, subsequently identified as cocaine.
 {¶ 7} After hearing all the evidence and deliberations, the jury found appellant guilty of possession of cocaine. The trial court sentenced appellant to an eight month term of imprisonment.
 {¶ 8} It is from this conviction and sentence appellant appeals, raising the following assignments of error:
 {¶ 9} "I. APPELLANT ASSERTS THAT HE REVEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHERE HIS ATTORNEY FILED NO PRETRIAL MOTIONS AND FAILED TO OBJECT TO THE ADMISSION OF IMPROPERLY OBTAINED EVIDENCE, APPELLANT'S ALLEGED STATEMENT, AND FAILED TO OBJECT TO VAST AMOUNTS OF HEARSAY TESTIMONY.
 {¶ 10} "II. DEFENDANT'S CONVICTION FOR POSSESSION OF COCAINE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN THE ARRESTING OFFICERS DID NOT SEARCH OR ATTEMPT TO CONTROL THE ACTIVITIES OF THE TWO PASSENGERS IN THE VEHCILE."
 I {¶ 11} In his first assignment of error, appellant raises an ineffective assistance of counsel claim.
 {¶ 12} The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. See, State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 13} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Id. at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 14} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
 {¶ 15} Appellant asserts trial counsel was ineffective for failing to file pretrial motions to suppress; failing to object at trial to the admission of improperly obtained evidence; and failing to object to hearsay testimony.
 {¶ 16} The failure to file a suppression motion does not constituteper se ineffective assistance of counsel. Kimmelman v. Morrison (1986),477 U.S. 365, 384, 106 S.Ct. 2574. "Failure to file a motion to suppress constitutes ineffective assistance of counsel only if, based on the record, the motion would have been granted." State v. Butcher, Holmes App. 03CA4, 2004-Ohio-5572. Appellant claims the motion to suppress would have been granted because, even assuming the stop of his vehicle was legitimate, his detention awaiting the arrival of the K-9 Unit was unreasonable. In response, the State counters appellant consented to Officer Redleski's request he wait for the K-9 Unit.
 {¶ 17} The trial record does not conclusively demonstrate the length of delay between Officer Redleski's arrival at the scene and advising appellant the K-9 Unit was on its way, and the actual arrival of the K-9 Unit. Nor does the record conclusively demonstrate appellant consented to wait for the K-9 Unit. The cross-examination of Officer Redleski proceeded as follows:
 {¶ 18} "Q. [Defense Counsel] Okay. And you informed Terry that you were going to have the, the drug sniffing dog come; is that right?
 {¶ 19} "A. [Officer Redleski] Sometime, yes; yes, I did.
 {¶ 20} "Q. Okay, and it took quite awhile for the dog? When I say quite awhile, five, ten minutes at least for the dog to come, over ten; is that right?
 {¶ 21} "A. Um, it, it — possibly, yeah.
 {¶ 22} "Q. * * * And at that time you just, as I recall, you just had Terry and the lady in the front sit where she had been and the — then the lady with the infant they remained in the back; is that right?
 {¶ 23} "A. When was —
 {¶ 24} "Q. When — in the interim. When you said Terry, I'm going to call the K-9 dog, is that okay and he says okay and then you just have them get back in the car all four of them, right? Well, actually Terry's the only one who got out of the car?
 {¶ 25} "A. Terry was — correct."
 {¶ 26} Tr. at 14-15.
 {¶ 27} The only reference to appellant's consent to wait for the K-9 dog — "is that okay and he says okay" — is in the question posed by appellant's counsel. The officer's response was directed to the second part of counsel's question as to whether Terry was the only one who got out of the car. The officer's positive response to that second question is not direct evidence on the issue of consent. We have not been directed to any direct evidence demonstrating appellant's consent to wait for the K-9 dog nor has our own review disclosed any.
 {¶ 28} Likewise, the only timeframe mentioned during Officer Haynam's examination was in the context of a question posed by the Prosecutor:
 {¶ 29} "Q. . . . let's turn your attention to December 12 of 2004. At about 10:45, 11:00 that evening were you dispatched to the BP on Portage Avenue in Jackson Township?
 {¶ 30} "A. Yes, I was."
 {¶ 31} Tr. at 104.
 {¶ 32} Officer Redleski was dispatched at approximately 10:30pm. He arrived at the BP station within minutes. Officer Haynam was dispatched between 10:45 and 11:00pm. It appears the delay could have been anywhere from 15 minutes to almost one half hour. We find the record is insufficiently developed to determine whether appellant consented to wait for the K-9 Unit or whether appellant was actually in custody. However, in the absence of a motion to suppress, the State had no need to solicit testimony relative to the issues of the delay in the arrival of the K-9 Unit and appellant's consent. From this record, we cannot determine whether appellant was prejudiced by trial counsel's failure to file a motion to suppress the evidence discovered during the search. Appellant's possible recourse is to file a petition for post-conviction relief, developing these issues more fully. Because the record does not affirmatively answer these questions, appellant cannot show on the present record he was prejudiced under the second prong of Strickland; therefore, this portion of appellant's first assignment of error is overruled.
 {¶ 33} Appellant further submits trial counsel was ineffective for failing to object to the admission of out-of-court statements made to police as he was in custody and had not been given his Miranda warnings. Specifically, appellant complains of the officers' testimony he told them he owned the vehicle. Appellant claims such testimony was essential to the element of possession/control. We find appellant's statement advising the police of his ownership of the vehicle was not hearsay. See, Evid.R. 801 (D) (2).
 {¶ 34} Similar to our discussion of the existence/extent of appellant's consent to wait for a K-9 dog, we find the record is underdeveloped as to whether appellant was in custody as the time he admitted ownership of the vehicle. This record does not affirmatively demonstrate appellant was in custody at the time this statement was made and therefore cannot by his counsel's failure to file a motion to suppress this statement.
 {¶ 35} Appellant further contends trial counsel was ineffective for failing to object to Officer Haynams' testimony appellant stated anything in the vehicle belonged to him. Upon review of the transcript, we find appellant had been advised of his Miranda rights prior to making this statement. We, likewise, find this testimony is not hearsay; therefore, trial counsel was not ineffective for failing to object at trial. See, Evid.R. 801 (D) (2).
 {¶ 36} Appellant's first assignment of error is overruled.
 II {¶ 37} In his second assignment of error, appellant raises a manifest weight of the evidence claim. Specifically, appellant submits the State failed to establish the element of "possession" as no drugs were found on his person.
 {¶ 38} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 39} Appellant was convicted of one count of possession of cocaine, in violation of R.C. 2925.11 (A)(C)(4)(a), which provides:
 {¶ 40} "(A) No person shall knowingly obtain, possess, or use a controlled substance.
 {¶ 41} "* * *
 {¶ 42} "(C) Whoever violates division (A) of this section is guilty of one of the following:
 {¶ 43} "* * *
 {¶ 44} "(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:
 {¶ 45} "(a) Except as otherwise provided in division (C)(4)(b), (c), (d), (e), or (f) of this section, possession of cocaine is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender."
 {¶ 46} Possession is defined by R.C. 2925.01(K) as: "[H]aving control over a thing or substance but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 47} "Possession may be actual or constructive." State v. Kobi
(1997), 122 Ohio App.3d 160, 174. To establish constructive possession of illegal drugs, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. State v.Wolery (1976), 46 Ohio St.2d 316, 332. Dominion and control may be proven by circumstantial evidence alone. State v. Trembly (2000),137 Ohio App.3d 134, 141. Circumstantial evidence that a defendant was located in very close proximity to readily usable drugs may show constructive possession. State v. Barr (1993), 86 Ohio App.3d 227,247-248.
 {¶ 48} At trial, Officer Haynam testified regarding the K-9 search of appellant's vehicle. After his dog "hit" on the exterior driver's side door and passenger's side door, the officer released the animal on the interior of the vehicle. The dog gave a positive indication on the glove box and in the floorboard center console area of the driver's side of the vehicle. Under the driver's side floor mat, Officer Haynam found a plastic bag containing cocaine. During the search of the interior of the vehicle, the officer also found a purple Crown Royal bag, which contained a digital scale, a razor blade, and one by two inch plastic bags. After being booked, appellant advised Officer Haynam anything found in the vehicle belonged to him. The record also reveals appellant was the owner of the vehicle.
 {¶ 49} We find the aforementioned testimony provides sufficient evidence from which the jury could conclude appellant was in possession of the cocaine found in the vehicle. We further find appellant's conviction was not against the manifest weight of the evidence.
 {¶ 50} Appellant's second assignment of error is overruled.
 {¶ 51} The judgment of the Stark County Court of Common Pleas is affirmed.
Hoffman, J. Gwin, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Common Pleas Court is affirmed. Costs assessed to appellant.
[1] According to Officer Redleski, Officer Collins arrived at the gas station approximately five minutes after Redleski arrived.