OPINION
{¶ 1} Appellant appeals his conviction and sentence on one count each of OVI Marked Lanes.
 {¶ 2} Appellee is the State of Ohio.
 {¶ 3} Appellee did not file a brief in this matter. Pursuant to App.R. 18(C), in determining the appeal, we may accept appellant's statement of the facts and issues as correct, and reverse the judgment if appellant's brief reasonably appears to sustain such action. See State v. Rohrig (Apr. 2, 2001), Fairfield App. No. 00 CA 39, unreported and Chowdhury v.Fitzgerald (Mar. 27, 1997), Guernsey App. No. 96 CA 43, unreported. Therefore, we presume the validity of appellant's statement of facts and issues
 STATEMENT OF THE FACTS AND CASE {¶ 4} On December 4, 2004, officers from the Johnstown Police Department stopped Appellant for a marked lanes violation. Appellant was subsequently arrested for Operating a Motor Vehicle While Impaired, in violation of R.C. 4511.19(A)(1)(a).
 {¶ 5} On December 8, 2004, Appellant entered a plea of not guilty at the arraignment.
 {¶ 6} This matter was set for a bench trial to be heard on January 21, 2005.
 {¶ 7} On January 20, 2005, Appellant's counsel filed a Motion for Continuance. Appellant's counsel stated an unknown health problem as the reason for such request.
 {¶ 8} The trial court granted said motion and rescheduled the trial to March 1, 2005.
 {¶ 9} On February 28, 2005, Appellant's counsel filed a second Motion for Continuance stating that he had a broken ankle.
 {¶ 10} On March 1, 2005, the trial court granted said motion and re-set the trial for April 12, 2005.
 {¶ 11} On April 11, 2005, a third motion for continuance was filed by Appellant's counsel stating that Appellant had broken his ankle.
 {¶ 12} By Judgment Entry dated June 22, 2005, the trial court granted said motion and set the case for trial to begin on August 9, 2005.
 {¶ 13} On August 9, 2005, a fourth Motion to Continue was filed by Appellant's counsel stating that Appellant was bed ridden and was scheduled for surgery.
 {¶ 14} By Judgment Entry dated August 22, 2005, the trial court granted said motion and re-set the trial date to October 4, 2005.
 {¶ 15} On October 4, 2005, a fifth Motion to Continue was filed by Appellant's counsel stating that Appellant was experiencing complications from his injury, was confined to a wheelchair, was on pain medication and required further.
 {¶ 16} By Judgment Entry dated October 7, 2005, the trial court took said motion under advisement until such time as Appellant provided verification as to Appellant's health problems. A time period of fourteen days was given for the production of such documents. The trial court also referenced its difficulty in making contact with Appellant's trial counsel.
 {¶ 17} On October 31, 2005, the trial court issued a bench warrant for Appellant due to his failure in complying with the court's order to provide the requested documentation. A driver's license registration block was also issued at that time.
 {¶ 18} On November 3, 2005, after having received a notice from the BMV that his driver's license had been blocked and a warrant issued, Appellant himself faxed a letter to the court explaining his health condition and providing the addresses and telephone numbers of his health care provider. In said correspondence, Appellant advised the court that he was firing Attorney Boggs.
 {¶ 19} By Judgment Entry dated November 14, 2005, the trial court set a new trial date of December 19, 2005.
 {¶ 20} On November 23, 2005, Appellant's new trial counsel filed a Motion for Leave of Court to File Motions out of Rule and a Motion to Suppress the Stop, the Field Sobriety Tests and Arrest and the Statements made at the time.
 {¶ 21} Appellant's counsel also filed a Record Demand, a Jury Demand and a Notice of Representation at that time.
 {¶ 22} On December 15, 2005, the trial court denied Appellant's Motion for Leave to file Motions out of Rule.
 {¶ 23} On December 20, 2005, Appellant withdrew his former pleas of not guilty and entered pleas of no contest.
 {¶ 24} The trial court sentenced Appellant to a $25.00 fine on the marked lanes violation and ordered Appellant to serve 90 days in jail, a fine of $500.00, and a two-year license suspension on the OVI charge.
 {¶ 25} Appellant filed an appeal of his sentence and conviction and this matter is now before this court for consideration. Appellant's Assignments of error are as follows:
 ASSIGNMENTS OF ERROR {¶ 26} "I. THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT-DEFENDANT'S REQUEST FOR LEAVE OF COURT TO FILE MOTIONS OUT OF RULE.
 {¶ 27} "II. PRIOR COUNSEL WAS INEFFECTIVE DENYING DEFENDANT-APPELLANT THE RIGHT TO COUNSEL."
 I. {¶ 28} In his first assignment of error, Appellant claims the trial court erred in denying his motion for leave to file motions out of rule. We disagree.
 {¶ 29} Crim.R. 12 governs pleadings and motions. Subsection (D) states, "All pretrial motions except as provided in Crim. R. 7(E) and 16(F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions."
 {¶ 30} Appellant was arraigned on December 8, 2004. Pursuant to Crim.R. 12(D), the final date for the filing of such motions would have been in January, 2005.
 {¶ 31} A decision whether to grant a motion for leave to file a pleading out of rule is within the sound discretion of the trial court, and an appellate court will not reverse the trial court's decision absent an abuse of this discretion. CincinnatiSpring Svc. v. Meister Sand Gravel, Inc. (Jun. 3, 1991), 12th Dist. Nos. CA90-06-112, CA90-06-126, 1991 Ohio App. LEXIS 2556, at *3-*4, citing Jenkins v. Clark (1982), 7 Ohio App.3d 93, 95,454 N.E.2d 541. An abuse of discretion consists of more than an error of law or judgment. Rather, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Berk v.Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301
(citation omitted).
 {¶ 32} We therefore conclude the trial court did not err or abuse its discretion in finding the motions untimely.
 {¶ 33} Appellant's first Assignment of Error is denied.
 II. {¶ 34} In his second assignment of error, Appellant claims that he was denied the effective assistance of trial counsel. We disagree. {¶ 35} The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant toStrickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v.Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.
 {¶ 36} First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. As stated above, this requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998),81 Ohio St.3d 673, 675, 693 N.E.2d 267.
 {¶ 37} Failure to file a motion to suppress constitutes ineffective assistance of counsel only if, based on the record, the motion would have been granted. State v. Butcher, Holmes App. No. 03 CA 4, 2004-Ohio-5572, ¶ 26, citing State v. Robinson
(1996), 108 Ohio App.3d 428, 433, 670 N.E.2d 1077.
 {¶ 38} The mere possibility that a motion to suppress has merit is insufficient to establish the ineffective assistance of trial counsel. State v. Delmonico, 11th Dist. No. 2003-A-0022,2005-Ohio-2902, citing State v. Santana (2001),90 Ohio St.3d 513, 739 N.E.2d 798.
 {¶ 39} In Santana, supra, the Ohio Supreme Court underscored the importance of the ineffective assistance of counsel standard of review in Strickland, supra. It also held that the mere "possibility" of success on a motion to suppress is the improper standard in determining whether an ineffective assistance of counsel claim exists. Id. at 515. Instead, courts should employ a "reasonable probability" standard, which is, "a probability sufficient to undermine confidence in the outcome."State v. Bradley (1989), 42 Ohio St.3d 136, 142,538 N.E.2d 373, quoting Strickland at 694.
 {¶ 40} The issue before us in the case sub judice is whether appellant's prior trial counsel was ineffective in failing to file a motion to suppress the field sobriety tests and the extraterritorial stop.
 {¶ 41} From the record before this Court we cannot determine whether Appellant was prejudiced by trial counsel's failure to file a motion to suppress the field sobriety tests and/or the extraterritorial stop. Appellant's possible recourse is to file a petition for post-conviction relief, developing these issues more fully. Because the record does not affirmatively answer these questions, Appellant cannot show on the present record he was prejudiced under the second prong of Strickland; therefore, Appellant's second assignment of error is overruled.
 {¶ 42} The judgment of the Licking County Municipal Court is hereby affirmed.
Boggins, J. Hoffman, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Municipal Court, Licking County, Ohio is affirmed. Costs to Appellant.