OPINION
{¶ 1} On September 30, 2004, the Guernsey County Grand Jury indicted appellant, Dylan Ogle, on one count of aggravated vehicular homicide in violation of R.C. 2903.06. Said charge arose from an accident wherein Kayla McCullough died as the result of appellant driving while under the influence of alcohol.
 {¶ 2} On November 4, 2004, appellant filed a motion to suppress his blood test results, claiming the state failed to comply with the regulations governing reliable testing. A hearing was held on April 25, 2005. By judgment entry filed May 2, 2005, the trial court denied the motion.
 {¶ 3} On May 23, 2005, appellant pled no contest. The trial court found appellant guilty. By judgment entry filed July 25, 2005, the trial court sentenced appellant to six years in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING APPELLANT'S MOTION TO SUPPRESS HIS ALLEGED BLOOD-ALCOHOL TEST RESULTS."
 II {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY SENTENCING APPELLANT TO SIX YEARS INCARCERATION."
 I {¶ 7} Appellant claims the trial court erred in denying his motion to suppress. In said motion, appellant argued the securing of the blood sample and the reporting of the alcohol content did not substantially comply with the regulations of the Department of Health. We disagree.
 {¶ 8} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; Statev. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v.Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623;Guysinger. As the United States Supreme Court held in Ornelasv. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 9} In State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, ¶ 24, the Supreme Court of Ohio held "substantial compliance" is dependent upon the specific facts of each case:
 {¶ 10} "In the wake of Plummer [State v. (1986),22 Ohio St.3d 292], courts have applied a burden-shifting procedure to govern the admissibility of alcohol-test results. E.g., State v.Zuzga, 141 Ohio App.3d at 698-699, 753 N.E.2d 229. The defendant must first challenge the validity of the alcohol test by way of a pretrial motion to suppress; failure to file such a motion `waives the requirement on the state to lay a foundation for the admissibility of the test results.' State v. French (1995),72 Ohio St.3d 446, 451, 650 N.E.2d 887. After a defendant challenges the validity of test results in a pretrial motion, the state has the burden to show that the test was administered in substantial compliance with the regulations prescribed by the Director of Health. Once the state has satisfied this burden and created a presumption of admissibility, the burden then shifts to the defendant to rebut that presumption by demonstrating that he was prejudiced by anything less than strict compliance. State v.Brown (1996), 109 Ohio App.3d 629, 632, 672 N.E.2d 1050. Hence, evidence of prejudice is relevant only after the state demonstrates substantial compliance with the applicable regulation."
 {¶ 11} The Burnside court at ¶ 34 further stated "we must limit the substantial-compliance standard set forth in Plummer
to excusing only errors that are clearly de minimis. Consistent with this limitation, we have characterized those errors that are excusable under the substantial-compliance standard as `minor procedural deviations.' State v. Homan (2000),89 Ohio St.3d 421, 426, 732 N.E.2d 952."
 {¶ 12} Appellant claimed three errors: 1) the labeling of the blood sample; 2) the sealing of the blood sample; and 3) the method of reporting the results.
 LABELING {¶ 13} It is undisputed that after the blood sample was drawn, appellant's name was not affixed to the vial. Instead, the vial was assigned a temporary number (336627) and labeled "Trauma Patient Doe One" because at the time, appellant was unconscious and unidentified. T. at 48. Once appellant was identified by name, the temporary number was merged with the patient number "to maintain a continuity of care." T. at 50. The temporary number "remains in the data base, and can be retrieved in a report." T. at 65. We conclude, as the trial court did, this complained of error was only a minor procedural deviation necessitated by the fact that appellant was unidentified at the time the blood sample was drawn.
 {¶ 14} The burden then shifts to appellant to prove he was prejudiced by the deviation. In support of his burden, appellant argues some confusion occurred when his expert, Larry Dehus, attempted to retrieve his sample for retesting. T. at 100-102. However, the clerk was searching for the vial under appellant's name which had not been entered into the data base. T. at 101. Once the clerk entered additional information into the computer, a technician retrieved the vial and turned it over to Mr. Dehus. Id.
 {¶ 15} We find the trial court was correct in finding the test results were admissible given this issue.
 SEALING {¶ 16} Ohio Adm. Code 3701-53-05(E) mandates "[b]lood and urine containers shall be sealed in a manner such that tampering can be detected." Mr. Dehus testified the cap on the vial had not been sealed. T. at 103. The technician who drew the blood, David Corder, testified he personally transported the sample to the lab, received the sample into the lab and tested it. T. at 89. Mr. Corder had test results twenty-two minutes after he drew the blood. T. at 84, 96. The vial was in Mr. Corder's possession from the initial draw, through testing, to its placement in a locked refrigerator. T. at 89-90. The integrity of the blood sample was protected throughout the process. Also, the retest results obtained by Mr. Dehus were "[s]ubstantially equivalent" to Mr. Corder's results. T. at 107.
 {¶ 17} We find the lack of a seal was de minimis. We do not find any prejudice to appellant because of the deviation.
 METHOD OF REPORTING {¶ 18} Appellant complains the test results were not reported in grams of weight of alcohol per one hundred milliliters of whole blood, blood serum or plasma as required by Ohio Adm. Code3701-53-01(A). In this case, the results were expressed in milligrams by weight of alcohol per deciliter of whole blood. T. at 104. The major difference is that Mr. Corder tested whole blood and the Department of Health directs testing on serum blood. Mr. Dehus conceded a simple conversion would correct the issue, and his test results were "substantially equivalent" to Mr. Corder's results. T. at 107.
 {¶ 19} We find the testing of whole blood versus blood serum was not a substantial deviation.
 {¶ 20} Upon review, we find the trial court did not err in denying appellant's motion to suppress.
 {¶ 21} Assignment of Error I is denied.
 II {¶ 22} Appellant claims the trial court erred in sentencing him to six years in prison. We disagree.
 {¶ 23} R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 {¶ 24} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 25} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 26} "(b) That the sentence is otherwise contrary to law."
 {¶ 27} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
 {¶ 28} Sentencing rests in the sound discretion of the trial court. State v. O'Dell (1989), 45 Ohio St.3d 140. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 29} Appellant was convicted of aggravated vehicular homicide, a felony in the second degree. Pursuant to R.C.2929.14(A)(2), felonies of the second degree are punishable by two, three, four, five, six, seven, or eight years. The trial court sentenced appellant to six years in prison, less than the maximum but more than the minimum.
 {¶ 30} The trial court had before it a presentence investigation report, victim impact statements and letters on behalf of appellant. July 5, 2005 T. at 3-4. The trial court found the shortest prison term would demean the seriousness of the offense and would not adequately protect the public [R.C.2929.14(B)]. Id. at 32-33. The trial court also found the longest term was not appropriate. Id. at 36-37. In sentencing appellant to six years, the trial court considered the factors set forth in R.C. 2921.12 at length. Id. at 37-44. We do not find the trial court erred in sentencing appellant to six years.
 {¶ 31} As for appellant's arguments involving United Statesv. Booker (2005), 125 S.Ct. 738, and Blakely v. Washington
(2004), 542 U.S. 296, this court has held the principles therein apply only to sentences beyond the maximum authorized by statute, which is not the case sub judice. See, State v. Iddings,
Delaware App. No. 2004CAA06043, 2004-Ohio-7312.
 {¶ 32} Assignment of Error II is denied.
 {¶ 33} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.
Farmer, J. Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio is affirmed.