OPINION
{¶ 1} Appellant Terrence A. Jackson appeals his conviction for aggravated vehicular assault, vehicular assault, and OVI in the Court of Common Pleas, Stark County. The relevant facts leading to this appeal are as follows.
 {¶ 2} On March 12, 2005, at about 3:00 AM, Bartley Miller was driving home from Akron on Interstate 77, about one mile from the Portage Road exit in Jackson Township. Miller had with him a passenger, Nathan Tuttle. As Miller proceeded southbound on the interstate, which at the time was undergoing construction in that area, he and Tuttle suddenly observed headlights coming toward them in their vehicle's lane. Miller quickly swerved into the left-hand southbound lane. Nonetheless, a van traveling the wrong way struck Miller's pickup in the right front corner and continued swiping down the right side.
 {¶ 3} Ohio State Highway Patrolman William Haymaker was dispatched to the area from a location to the south. Near the Shuffel Road overpass, he came upon a damaged van near some construction-zone concrete barriers. The van was still slowly moving forward, in the wrong direction, despite damage to its front end and smoke pouring out from the hood. Haymaker exited his vehicle and ran across the median, yelling at the driver, thereafter identified as appellant, to stop the van.
 {¶ 4} After appellant complied with Haymaker's order to stop, Haymaker approached the van. Based on his observations, the trooper quickly placed appellant under arrest for OVI, put him in handcuffs, and seated him in the back seat of the patrol cruiser. Haymaker thereafter located Miller's pickup, still facing southbound in the southbound lanes. Miller was apparently not hurt; Tuttle, the passenger, had a serious injury to his right elbow which eventually required the surgical placement of a metal plate and screws.
 {¶ 5} Appellant was then transported to Mercy Medical Center in Canton. He refused to give a blood sample and requested an attorney. Haymaker read him BMV form 2255 regarding the consequences of a refusal to give a sample. However, a Mercy nurse, Victoria Patrick, made a blood draw from appellant at the direction of the treating physician. The sample was drawn at 5:20 AM, and revealed a blood alcohol level of .18.
 {¶ 6} Appellant was charged by indictment with one count of aggravated vehicular assault (F-3), one count of vehicular assault (F-4), and one count of OVI (M-1). Appellant pled not guilty and retained private counsel. Shortly before the scheduled jury trial, defense counsel filed a motion to suppress evidence of appellant's oral statements to law enforcement. Following a hearing prior to the start of the trial, the court suppressed any statements made by appellant "after the refusal part of the case," in apparent reference to the point in time at which appellant refused the hospital blood draw. In addition, defense counsel later unsuccessfully made an oral motion to suppress the blood test results on the ground that the draw was made against appellant's will.
 {¶ 7} The trial thus proceeded as scheduled. Included in the State's case was the testimony of a criminalist from the Canton-Stark County Crime Lab, Jay Spencer, who testified that an individual testing .18, at a point two and one-half hours after an accident, could have had a blood alcohol concentration as high as .22 at the time of the crash. Tr. at 337. Upon the conclusion of the State's evidence, appellant made a motion for acquittal under Crim.R. 29(A), which the court denied. The defense presented no witnesses. The jury thereupon returned a verdict of guilty as charged. Appellant was sentenced on June 20, 2005 to four years in prison.
 {¶ 8} Appellant filed a delayed notice of appeal on September 21, 2005. He herein raises the following three Assignments of Error:
 {¶ 9} "I. THE BLOOD ALCOHOL RESULTS TAKEN AND TESTED AT THE HOSPITAL SHOULD HAVE BEEN SUPPRESSED AS THE STATE FAILED TO SHOW THAT THEY WERE IN SUBSTANTIAL COMPLIANCE WITH THE REQUIREMENTS OF THE OHIO ADMINISTRATIVE CODE AND OHIO REVISED CODE.
 {¶ 10} "II. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN THAT COUNSEL FAILED IN HIS DUTY TO HIS CLIENT AND THE OUTCOME OF THE TRIAL WOULD HAVE BEEN DIFFERENT ABSENT THESE ERRORS.
 {¶ 11} "III. THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I. {¶ 12} In his First Assignment of Error, appellant contends the blood alcohol test results from Mercy Hospital should have been suppressed. However, we note appellant's motion to suppress limited itself to seeking "[s]uppression of any alleged oral statements of the accused in violation of Miranda [v. Arizona
(1966), 384 U.S. 436]." The record reflects appellant's trial counsel set forth the following parameters at the commencement of the suppression hearing:
 {¶ 13} "MR. LODICO: Your Honor, the issue I would just indicate is going to be a real simple one.
 {¶ 14} "At exactly 0435 according to the Trooper's testimony at the preliminary hearing, on the preliminary hearing, the refusal occurred at 0435.
 {¶ 15} "In the preliminary hearing transcript, my client specifically asked for an attorney.
 {¶ 16} "Sometime after that, within ten minutes there is a statement gotten that is written by the Trooper in his handwriting allegedly from my client. So that's the basis to suppress any statements made following that." Tr., Suppression Hearing, at 3-4.
 {¶ 17} A defendant who does not file a motion to suppress test results on the basis that the state did not comply with the Ohio Administrative Code procedures for collecting bodily substance samples may not object to the admissibility of the test results at trial on those grounds. State v. Mayl (2005),106 Ohio St.3d 207, 213, 833 N.E.2d 1216, citing State v. French
(1995), 72 Ohio St.3d 446, 449, 650 N.E.2d 887. See, also, Statev. Ogle, Guernsey App. No. 05CA23, 2006-Ohio-847, ¶ 10. Similarly, "[f]ailure on the part of the defendant to adequately raise the basis of his challenge [on a motion to suppress] constitutes a waiver of that issue on appeal." State v. Brown,
Summit App. No. 22770, 2006-Ohio-1905, ¶ 6, quoting Xenia v.Wallace (1988), 37 Ohio St.3d 216, 218.
 {¶ 18} We find appellant's challenge to the blood test results on the issue of substantial compliance with Revised Code and Ohio Administrative Code requirements has been waived on appeal.[1]
 {¶ 19} Appellant's First Assignment of Error is overruled.
 II. {¶ 20} In his Second Assignment of Error, appellant argues that he was deprived of the effective assistance of trial counsel. We disagree.
 {¶ 21} Our standard of review is set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998),81 Ohio St.3d 673, 675, 693 N.E.2d 267.
 {¶ 22} Appellant specifically urges that his trial counsel was ineffective for (1) failing to raise "necessary and important" suppression issues pertaining to the blood alcohol test, and, similarly, failing to adequately raise a Fourth Amendment unreasonable search argument to the blood draw at the hospital, (2) failing to raise the issue of probable cause to arrest, (3) stipulating to major elements of the charged offenses, and (4) "acting in an inappropriate manner." Appellant's Brief at 11.
 Suppression of Blood Test Evidence {¶ 23} Appellant first maintains his trial counsel was ineffective for failing to properly seek suppression of the blood test results on the bases that the blood draw did not substantially comply with Revised Code and Ohio Administrative Code requirements and was violative of the Fourth Amendment.
 {¶ 24} Failure to file a motion to suppress constitutes ineffective assistance of counsel only if, based on the record, the motion would have been granted. State v. Butcher, Holmes App. No. 03 CA 4, 2004-Ohio-5572, ¶ 26, citing State v. Robinson
(1996), 108 Ohio App.3d 428, 433, 670 N.E.2d 1077.
 {¶ 25} In State v. Mayl, supra, at paragraph two of the syllabus, the Ohio Supreme Court held that "[w]hen a blood-alcohol test is not requested by law enforcement but is administered in connection with medical treatment by qualified medical personnel and analyzed in an accredited laboratory, the state must show substantial compliance with R.C. 4511.19(D)(1) and Ohio Adm. Code Chapter 3701-53 before the test results are admissible in a prosecution depending upon proof of an R.C.4511.19(A) violation." Appellant concedes that Mayl had not been decided at the time of the trial in the case sub judice, but contends that his trial counsel should have at least raised this issue in order to preserve it for appeal.
 {¶ 26} In addition, as appellant notes, the Fourth Amendment protects persons against unjustified or improper intrusions into a person's privacy, including bodily intrusion. See State v.Gross (May 24, 1999), Muskingum App. No. CT 96-055, citingSchmerber v. California (1966), 384 U.S. 757, 86 S.Ct. 1826,16 L.Ed.2d 908. Several criteria are to be considered in determining the reasonableness of an intrusive search: (1) the government must have a clear indication that incriminating evidence will be found; (2) the police officers must have a warrant, or, there must be exigent circumstances, such as the imminent destruction of evidence, to excuse the warrant requirement; and (3) the method used to extract the evidence must be reasonable and must be performed in a reasonable manner. State v. Victor (1991),76 Ohio App.3d 372, 377, 601 N.E.2d 648, citing Schmerber at 770-772.
 {¶ 27} The State responds that it did present evidence of the manner in which the blood sample was collected, but not evidence concerning the certification of the lab and hospital personnel and procedures related to the retention of the sample as perMayl. The record is similarly restricted in regard to the reasonableness of the blood draw under Schmerber. The fact that appellant's trial counsel never filed a more specific motion to suppress indeed means that the State was not obligated to present much of this information. Thus, we are faced with a defendant's "ineffective assistance" appellate argument seeking to demonstrate that a motion to suppress would have been granted, even though the paucity of the record on these specific suppression issues makes such a demonstration impossible. Since such an argument essentially speculates as to evidence dehors the record, it is not properly raised in a direct appeal. See Statev. Lawless, Muskingum App. No. CT2000-0037, 2002-Ohio-3686, citing State v. Cooperrider (1983), 4 Ohio St.3d 226, 228,448 N.E.2d 452. A petition for postconviction relief is the appropriate remedy for ineffective assistance of counsel claims based on facts dehors the record. See State v. Ayers (Nov. 25, 1998), Licking App. No. 98 CA 53, citing State v. Gibson (1980),69 Ohio App.2d 91, 430 N.E.2d 954. We are thus unable to conclude that trial counsel's decision not to seek suppression of blood test results under Mayl and Schmerber constituted ineffective assistance. Strickland, supra.
 Probable Cause to Arrest {¶ 28} Appellant next argues his trial counsel was ineffective for failing to challenge appellant's arrest for OVI on probable cause grounds. However, a police officer does not have to observe poor driving performance in order to effect an arrest for driving under the influence of alcohol if all the facts and circumstances lead to the conclusion that the driver was impaired. See, e.g., State v. Harrop (July 2, 2001), Muskingum App. No. CT2000-0026, citing Atwell v. State (1973),35 Ohio App.2d 221, 301 N.E.2d 709. In the case sub judice, Trooper Haymaker approached appellant's visibly damaged van as it slowly continued to lurch along the interstate, going the wrong way. According to Haymaker, after he ordered the van stopped, appellant appeared confused and repeatedly asked what the problem was. Appellant further "reeked" of alcohol, had slurred speech and bloodshot eyes, and stumbled as he walked with Haymaker to the cruiser. Tr. at 148, 183.
 {¶ 29} Upon review, we cannot conclude appellant would have been successful on a probable cause challenge under these facts, and therefore we find no demonstration of ineffective assistance on this point.
 Defense Counsel's Decision to Stipulate to Certain Elements {¶ 30} Appellant next contends his trial counsel was ineffective by conceding to the jury that Nathan Tuttle suffered serious physical harm in the collision, that appellant was the van's driver, and that appellant was intoxicated on the night in question. Nonetheless, as the State aptly responds, defense counsel in this case faced significant evidentiary obstacles: appellant was seen driving the wrong way on an interstate highway, his van had collided with a pickup truck, and his demeanor before the experienced trooper was characterized as stumbling, confused, and "obviously" intoxicated. See Tr. at 147-148, 315-316.
 {¶ 31} A reasonable attorney may decide as matter of trial strategy to take into account both the jury's and the court's patience. See State v. Russell, Cuyahoga App. No. 83699,2004-Ohio-5031, ¶ 60, citing State v. Mayes, Cuyahoga App. No. 82592, 2004-Ohio-2014. Upon review, we find appellant fails to demonstrate that the trial's outcome would have been different but for the defense stipulations and concessions.
 Defense Counsel's Trial Behavior {¶ 32} Appellant lastly directs us to his trial counsel's allegedly improper courtroom behavior, which he summarizes as "continuous" interruption and argument with prosecution witnesses and other behavior which resulted in several admonitions from the bench. Tr. at 200, 202, 217, 220, 227, 230, 245, 249, 251-252.[2] However, as a general rule, questionable or debatable trial tactics do not establish ineffective assistance of counsel. See State v. Conway, 109 Ohio St.3d 412, 430,848 N.E.2d 810, 2006-Ohio-2815. Upon review, we are unpersuaded that appellant suffered demonstrable prejudice via defense counsel's courtroom actions.
 {¶ 33} We therefore find no reversible error on grounds of ineffective assistance of counsel. Appellant's Second Assignment of Error is overruled.
 III. {¶ 34} In his Third Assignment of Error, appellant contends his conviction is against the manifest weight of the evidence. We disagree.
 {¶ 35} In considering an appeal concerning the manifest weight of the evidence, our standard is as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717. See, also, State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175,485 N.E.2d 717.
 {¶ 36} Appellant herein essentially asserts problem areas in the testimony of the State's witnesses. He notes, for example, that although appellant did not appear to be injured in Trooper Haymaker's observation, the officer did not recall actually asking him if he was hurt. Tr. at 154. Furthermore, the State did not offer any evidence of appellant admitting to drinking on the night in question. Miller and Tuttle, the occupants of the pickup truck, were outside of their vehicle when the trooper arrived, and were unable to identify at that time the vehicle that struck their truck. Both individuals admitted at trial that they were underage, but had been drinking earlier that night. However, the respective vehicles were discovered in the southbound lanes, with appellant's van still inching forward in a northerly direction, while, further to the south, Miller's pickup, whose occupants were returning from the Akron area, sat damaged along the road, facing southbound. About forty feet behind, or north of, the pickup truck, according to the trooper, there was a "critical speed scuff," described as an "indentation in the roadway of where it appeared the impact occurred." Tr. at 153. This roadway scuff was near the middle of the two southbound lanes (id.), which correlates to the description of the accident related by Miller and Tuttle. The trooper, who is certified to investigate traffic crashes, also observed damage to the concrete construction divider in this area. Tr. at 152-153, 191. Appellant was clearly intoxicated that night, and in the opinion of the trooper, appeared to be "trying to get away" in the van when police help arrived. Tr. at 146.
 {¶ 37} Having reviewed the record in the case sub judice, we do not find the result of the trial led to a manifest miscarriage of justice. As we have often emphasized, the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212. We hold appellant's aggravated vehicular assault, vehicular assault, and OVI convictions were not against the manifest weight of the evidence.
 {¶ 38} Appellant's Third Assignment of Error is therefore overruled.
 {¶ 39} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, P.J. Hoffman, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs to appellant.
[1] Appellant has incorporated a related claim as part of his ineffective assistance arguments in his second assigned error.
[2] The transcript citations provided by appellant all pertain to defense counsel's cross-examination of Trooper Haymaker.