OPINION *Page 2 
{¶ 1} Defendant-appellant Richard King appeals from the March 6, 2006 Decision of the Muskingum County Court of Common Pleas denying defendant-appellant's Petition for Post-Conviction Relief.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 10, 2004, the Muskingum County Grand Jury indicted appellant on one count of pandering obscenity involving a minor in violation of Ohio Revised Code 2907.321(A)(1), a felony of the second degree, and sixty-one counts of pandering obscenity involving a minor in violation of Ohio Revised Code Section 2907.321(A)(5), felonies of the third degree. At his arraignment, appellant pled not guilty to all counts contained in the indictment.
 {¶ 3} Thereafter, on January 24, 2005, the state filed a motion to amend the indictment. The trial court granted the motion and amended counts two through sixty-two of the indictment to felonies of the fourth degree.
 {¶ 4} At the January 2004 trial in this matter, Detective John Chapman of the Clinton County Sheriff's office testified that, while working undercover online, an individual under the screen name BigD2000 contacted him via instant messenger and sent him a sexually explicit photograph of a juvenile. Detective Chapman testified as to the list of email addresses which originated with an email from the screen name Daddy2youngun. He further testified that it was determined that the screen name for Daddy2youngun was an account under the name of Ashley Lancaster, 1841 Ridge Avenue, Zanesville, Ohio. Ashley Lancaster is appellant's wife. *Page 3 
 {¶ 5} Detective Randy Richason of the Zanesville Police Department testified that he obtained a search warrant in March of 2004, and seized the computer, some floppy disks and CDs from the residence
 {¶ 6} At the trial, Special Agent William Brown of the Social Security Administration testified that he found explicit images of juveniles on the computer's hard drive, floppy discs and CDs near the computer in the residence. Furthermore, Police Officer Larry Brockelhurst, testified concerning appellant's prior conviction in 1997 for illegal use of a minor in nudity oriented material and pandering sexually oriented material involving a minor. After appellant objected to the testimony, the objection was overruled, and the trial court gave a limiting instruction to the jury.
 {¶ 7} Following the conclusion of evidence, the jury found appellant guilty of one count of pandering obscenity involving a minor, a felony of the second degree, and sixty counts of pandering obscenity involving a minor, felonies of the fourth degree. The remaining count was dismissed.
 {¶ 8} Pursuant to an Entry filed on March 7, 2005, the trial court sentenced appellant to an aggregate prison sentence of 36 ½ years. As memorialized in a separate Judgment Entry filed on the same day, the trial court adjudicated appellant a sexual predator.
 {¶ 9} Subsequently, on October 20, 2005, appellant filed a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence" pursuant to R.C. 2953.21. Appellant, in his petition, alleged that his constitutional rights were violated when evidence was illegally obtained from appellant's computer, floppy disks and CDs without a warrant and that his constitutional rights were violated when he was forced to take the witness stand *Page 4 
in his own defense after the State brought in appellant's prior conviction from 1997 and an interview he had with Detective Larry Brockelhurst in 1997. Appellant, in his petition, also alleged that he received ineffective assistance of trial counsel. Appellant specifically contended that his trial counsel was ineffective in failing to investigate and that had he properly investigated, trial counsel would have found that the search warrants issued in this case were void and that any evidence obtained from the searches was illegally obtained. Appellant contended that his trial counsel should have filed a Motion to Suppress on such basis. Appellant also argued that if trial counsel had properly investigated, he would have requested that an expert be appointed "for the defense for the potential rebuttal of any of the states (sic) witnesses." Finally, appellant, in his petition, alleged that his right to due process was violated because the prosecution failed to provide him with all evidence, statements, and potential witnesses. Appellant noted that four days prior to trial, the State had "filed a motion to add witnesses and the disclosure of appellant's prior conviction [in 1997] and interview with police during the investigation of his prior conviction."
 {¶ 10} A hearing on appellant's petition was held on March 6, 2006. At the hearing, at which appellant represented himself, appellant argued that the evidence obtained from his computer was illegally obtained since there was not a valid search warrant prior to the search of his computer and disks. He further argued that his trial counsel was ineffective in failing to conduct an investigation that, appellant contended, would have revealed that the search warrant did not authorize any search of his computer or disks. *Page 5 
 {¶ 11} As memorialized in a Decision filed on March 6, 2006, the trial court denied appellant's Petition for Post-Conviction Relief.
 {¶ 12} Appellant now raises the following assignments of error on appeal:
 {¶ 13} "I. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT THE RIGHT OF DUE PROCESS OF LAW AND EQUAL PROTECTION OF LAW IN CONTRAVENTION OF THEFOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AS IT DENIED APPELLANT COUNSEL IN HIS POST-CONVICTION EVIDENTIARY HEARING.
 {¶ 14} "II. THE APPELLANT WAS DEPRIVED [OF] DUE PROCESS OF LAW AND EQUAL PROTECTION OF LAW WHEN DEFENDANT WAS CONVICTED WITH EVIDENCE THAT WAS ILLEGALLY OBTAINED IN A WARRANTLESS SEARCH, IN VIOLATION OF THE UNITED STATES CONSTITUTION AMENDMENT FOURTH AND FOURTEENTH, AND OHIO CONSTITUTION ARTICLE I, SECTION 10 AND 14.
 {¶ 15} "III. APPELLANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT OF EFFECTIVE ASSISTANCE OF COUNSEL, THEREBY DEPRIVING APPELLANT OF DUE PROCESS OF LAW, AND EQUAL PROTECTION OF LAW. UNITED SATES CONSTITUTION AMENDMENT(S) VI AND XIV, AND OHIO CONSTITUTION ARTICLE I, SECTION 10.
 {¶ 16} "IV. APPELLANT WAS DEPRIVED [OF] HIS CONSTITUTIONAL RIGHT OF DUE PROCESS OF LAW, AND EQUAL PROTECTION OF LAW IN VIOLATION OF THE UNITED STATES CONSTITUTION AMENDMENTS V, VI, XIV AS THE PROSECUTION FAILED TO PROVIDE DEFENSE WITH ALL EVIDENCE, STATEMENT, AND WITNESSES IN DISCOVERY." *Page 6 
 {¶ 17} For purposes of judicial economy, we shall address appellant's assignments of error out of sequence.
 II {¶ 18} Appellant, in his second assignment of error, maintains that he was deprived of due process and equal protection of the law when he was convicted based on evidence that was illegally obtained. Appellant argues that the initial search warrant executed on March 23, 2004[1]
"did not authorize the search for any images or communications that depict minors engaging in any sexual conduct contained in the computer and disks seized."
 {¶ 19} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. State v. Szefcyk, 77 Ohio St.3d 93, 1996-Ohio-337,671 N.E.2d 233, syllabus, approving and following State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. It is well-settled that, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post conviction relief if he or she could have raised the issue on direct appeal." State v. Reynolds,79 Ohio St.3d 158, 161, 1997-Ohio-304, 679 N.E.2d 1131. Accordingly, "[t]o survive preclusion by res judicata, a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original *Page 7 
record." State v. Nemchik (Mar. 8, 2000), Lorain App. No. 98CA007279,2000 WL 254908, unreported, at 1.
 {¶ 20} In the case sub judice, appellant's challenge to the March 2004 search warrant could have been raised on direct appeal. Appellant himself admitted at the March 6, 2006, hearing that he had both the March 23, 2004, and the December 2004 search warrants issued in this case prior to trial.
 {¶ 21} Furthermore, appellant was provided with copies of the two applications for a search warrant along with affidavits in support of the same prior to trial as part of discovery. In other words, prior to trial, appellant knew what items were sought by the warrants, knew what he was charged with and knew what evidence was going to be used by the State to prove those charges. See, for example, State v. Scruggs, Franklin App. No. 02AP-621, 2003-Ohio-2019, in which the court held that the doctrine of res judicata precluded a defendant from asserting claims, in a motion for relief from judgment, that the State had failed to provide a returned search warrant and inventory in discovery. The defendant, in Scruggs, argued that the information contained in the inventory could have been used to discredit a Detective's testimony at trial regarding what was found as a result of the warrant. After the trial court found that such issue was barred by the doctrine of res judicata, the appellant appealed. The Tenth District Court of Appeals, in Scruggs, affirmed the judgment of the trial court, holding that such issue could have been raised on direct appeal. The court, in so holding, noted that the defendant's trial counsel was aware that the search warrant had not been returned, but did not raise such issue before the trial court or on direct appeal. See also State v. Johnson, Cuyahoga App. No. 82632, 2003-Ohio-4954. The defendant, in Johnson, filed *Page 8 
a post-conviction petition in which he challenged the validity of a search warrant executed at his home. The court held that the defendant's claim was barred by the doctrine of res judicata since "[a]ppellant submitted no evidence with his petition demonstrating why this claim could not have been raised on direct appeal." Id. at paragraph 34.[2]
 {¶ 22} Appellant's second assignment of error is, therefore, overruled.
 III {¶ 23} Appellant, in his third assignment of error, argues that he received ineffective assistance of trial counsel. Appellant specifically contends that his trial counsel was ineffective in failing to investigate and that, had counsel investigated, he would have discovered that the evidence used to convict appellant was illegally obtained and then could have filed a Motion to Suppress on such basis.
 {¶ 24} Appellant also claims that his trial counsel was ineffective in failing to contact people whose names and numbers appellant provided to him that could establish alibis for appellant, in failing to request that an expert witness be appointed for appellant to rebut the State's expert witness, and in failing to raise the issue that the judge who presided at trial previously was the prosecuting attorney assigned to prosecute appellant in 1997 on another matter. Finally, appellant argues that his trial counsel was ineffective in failing to notify him that the State was going to use appellant's 1997 conviction and a statement associated with the same until the third day of trial.
 {¶ 25} In State v. Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819, syllabus, the Supreme Court of Ohio held the following:" In a petition for post-conviction relief, *Page 9 
which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness"
 {¶ 26} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, 122 L.Ed.2d 180; Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential.Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 143. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 142.
 {¶ 27} As is stated above, appellant argues, in part, that his trial counsel was ineffective in failing to file a Motion to Suppress based on the allegedly insufficient *Page 10 
search warrant. Failure to file a Motion to Suppress constitutes ineffective assistance of counsel only if, based on the record, the motion would have been granted. State v. Butcher, Holmes App. No. 03 CA 4, 2004-Ohio-5572, at paragraph 26, citing State v. Robinson (1996), 108 Ohio App.3d 428, 433, 670 N.E.2d 1077.
 {¶ 28} With respect to the search warrant, appellant specifically alleges, in his brief, as follows:
 {¶ 29} "In the case at bar the search warrant executed on March 23, 2004 clearly only particularly describes the residence to be searched, it does not however particularly describe the seizure of any images involving minors in any sexual conduct. The search warrant does say documentation but it is unambiguously defined: `Computer related documentation consists of written, recorded, printed, or electronically stored material which explains or illustrates how to configure or use computer hardware, software, or other related items; it also does say Printed or Recorded Media and it's definition explain unambiguously: `Printed or recorded mediums are designed to reproduce pictorial images * * *' clearly this defines this as the hardware or equipment to make pictures. This does not allow the search of the computers files or disks."
 {¶ 30} However, the search warrant issued in March of 2004 directed officers to search for hardware (including computers), software, data storage devices, printed and recorded media and other items related to the crime of pandering sexually oriented material involving a minor. We find that the March 23, 2004, search warrant was not invalid since it authorized the seizure of computers and provided a reason to believe that the computer contained evidence of the crimes for which appellant was convicted. See, for example, State v. Roden (June 9, 2004), App. No. 2003AP030026, unreported. *Page 11 
 {¶ 31} Appellant, in his third assignment of error, also contends that trial counsel was ineffective in failing to request that an expert be appointed to rebut the State's expert witnesses. Appellant, however, does not indicate what type of expert should have been appointed and how he was prejudiced by the failure to appoint an expert.
 {¶ 32} Finally, the remaining allegations of ineffective assistance of trial counsel were not raised in appellant's Post-Conviction Petition. They are, therefore, not cognizable in this appeal.
 {¶ 33} Appellant's third assignment of error is, therefore, overruled.
 IV {¶ 34} Appellant, in his fourth assignment of error, argues that he was deprived of due process and equal protection of the law due to the prosecution's failure to provide the defense with all evidence, statements and witnesses in discovery.
 {¶ 35} With respect to the discovery issue, appellant, in his Petition for Post Conviction Relief, only alleged, in relevant part, as follows:
 {¶ 36} "In the case at bar four (4) days prior to trial the state filed a motion to add witness and the disclosure of the defendant's prior conviction and interview with the police during the investigation of his prior conviction.
 {¶ 37} "By the state doing this and also the Petitioner's Fourth, Fifth, and Sixth United States Constitution rights and Ohio Constitution Article I, Sections 10 14 rights being violated support the fact the [sic] the Petitioner's United States Constitution Fourteenth and Ohio Constitution Article I, Section 10 OF DUE PROCESS was violated." *Page 12 
 {¶ 38} Issues relating to disclosure of appellant's 1997 conviction and statement relating to the same could have been raised on direct appeal and, therefore, are barred by the doctrine of res judicata. While appellant raises additional instances in his brief of the prosecution's alleged failure to provide discovery in his brief, appellant did not raise such issues in his petition before the trial court. We, therefore, shall not address them on appeal.
 {¶ 39} Appellant's fourth assignment of error is, therefore, overruled.
 I {¶ 40} Appellant, in his first assignment of error, argues that the trial court erred in failing to appoint counsel to represent him at the hearing on his Petition for Post Conviction Relief. Appellant specifically contends that counsel should have been appointed to him pursuant to R.C. 120.16(A)(1) and (D).
 {¶ 41} However, there is no indication in the record that appellant ever asked for counsel to be appointed to represent him at the March 6, 2006, hearing. Moreover, upon review, we find that appellant had a limited right to counsel. R.C. Section 120.16(A)(1) provides that the ". . . county public defender shall provide legal representation to indigent[s] . . . in postconviction proceedings. . . ." Section (D) of the statute maintains that the ". . . [the county] public defender shall not be required to prosecute any . . . postconviction remedy . . . unless [the county public defender] is first satisfied there is arguable merit to the proceeding." In State v. Chowder, 60 Ohio St .3d 151, 152-153, 573 N.E.2d 652, the Ohio Supreme Court held that when a court sets an evidentiary hearing on a postconviction petition, the public defender must be provided with notice that such a hearing has been set. Thus, once notified, the public defender *Page 13 
has the authority and discretion to refuse to represent an indigent petitioner seeking postconviction relief, if the public defender, after examining the issues raised by the petitioner, concludes that the issues do not have arguable merit. Id. Likewise, upon a finding by the public defender that arguable merit exists, the petitioner, pursuant to Subsection (A)(1) of the statute, is entitled to representation by the public defender. Id. at 153.
 {¶ 42} We find that even if the trial court erred when it failed to notify the public defender or appoint counsel once the evidentiary hearing was set, appellant suffered no prejudice. Appellant has only a limited right to representation. As this court has previously stated, "[appellant's allegation the trial court erred in not appointing counsel cannot be sustained unless he also successfully challenged the trial court's denials of his post-conviction motions." State v. Yost (May 4, 2001), Licking App. No. 00CA104, 2001 WL 498735 at 2. As is analyzed above, appellant's assignments of error are without merit. As such, we find that any error was harmless. *Page 14 
 {¶ 43} Appellant's first assignment or error is, therefore, overruled.
 {¶ 44} Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.
 By: Edwards, J. Farmer, P.J. and Wise, J. concur. *Page 15 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Appellant maintains that a second search warrant was issued in December of 2004. At the hearing in this matter, the State indicated that the search warrant obtained in December of 2004 was never executed.
[2] Furthermore, in our discussion of appellant's third assignment of error, we hold that appellant's trial counsel was not ineffective in failing to file a Motion to Suppress. In so holding, we specifically find that the search warrant was valid. *Page 1