[Cite as *State v. King*, 2011-Ohio-4529.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. CT2011-0006 |
| RICHARD KING | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Muskingum County Court
                                of Common Pleas, Case No. CR2004-0327


JUDGMENT:                       AFFIRMED


DATE OF JUDGMENT ENTRY:         September 6, 2011


APPEARANCES:

For Appellant:                  For Appellee:

RICHARD KING (#489-103)          D. MICHAEL HADDOX
Chillicothe Correctional Institution   MUSKINGUM COUNTY PROSECUTOR
P.O. Box 5500
Chillicothe, OH 45601            ROBERT L. SMITH 0039297
                                Assistant Prosecuting Attorney
                                27 N. Fifth Street
                                Zanesville, OH 43701

*Delaney, J.*

{¶1} Defendant-Appellant Richard King appeals the January 20, 2011 decision of the Muskingum County Court of Common Pleas to deny Appellant's Successive Petition to Vacate or Set Aside Judgment of Conviction of Sentence. Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE CASE[1]

{¶2} Appellant was indicted on one count of pandering obscenity involving a minor, a felony of the second degree, in violation of Ohio R.C. 2907.321(A)(1) and sixty-one counts of pandering obscenity involving a minor, felonies of the third degree, in violation of R.C. 2907.321(A)(5). Appellant pled not guilty to all counts contained in the indictment. On January 24, 2005, the State filed a motion to amend the indictment. The trial court granted the motion and amended counts two through sixty-two of the indictment to felonies of the fourth degree.

{¶3} A jury trial was held. On January 27, 2005, the jury found Appellant guilty on sixty-one counts of the indictment. The remaining count was dismissed.

{¶4} On February 28, 2005, the trial court conducted a classification hearing finding Appellant to be a sexual predator and a habitual sex offender. The trial court sentenced Appellant to 36 ½ years in prison.

{¶5} Appellant timely appealed his conviction, sexual predator classification, and sentence. Appellant was represented by new counsel on appeal.

{¶6} By Judgment Entry and Opinion dated January 19, 2006, this Court affirmed the trial court's actions as to the errors raised in assignments I, II and III but remanded with instructions as to assignment of error IV that alleged error in sentencing. *State v. King,* 5th Dist. No. CT05-17, 2006-Ohio-226. Appellant filed a timely appeal of

the decision to the Ohio Supreme Court.  On May 24, 2006, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  *State v. King* (2006), 109 Ohio St.3d 1482, 847 N.E.2d 1226.

{¶7}  On February 6, 2006, Appellant was brought before the trial court for resentencing pursuant to our remand in *State v. King,* 5th Dist. No. CT05-17, 2006-Ohio-226.  The trial court resentenced Appellant to a sentence of an aggregate of 36 ½ years in the Ohio Department of Corrections.  The trial court did not journalize the resentencing conducted on February 6, 2006, due to the issuance of *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856 on February 27, 2006.  The trial court held a resentencing hearing on March 6, 2006 pursuant to our remand and the requirements of *State v. Foster,* supra.  The trial court resentenced Appellant to a sentence of an aggregate of 36 ½ years in the Ohio Department of Corrections.  The resentencing entry was journalized and filed on March 8, 2006.

{¶8}  Appellant appealed the March 8, 2006 resentencing.  On November 13, 2006, this Court affirmed Appellant's sentence.  *State v. King,* 5th Dist. No. 06-20, 2006-Ohio-6566.  The Ohio Supreme Court declined to accept Appellant's appeal of that decision.  *State v. King* (2007), 114 Ohio St.3d 1508, 2007-Ohio-4285.

{¶9}  Additionally, on October 20, 2005, Appellant filed a petition for post-conviction relief in the trial court.  On March 6, 2006, the trial court denied Appellant's post-conviction petition.  Represented by new counsel, Appellant filed a timely appeal of the trial court's decision to this Court.  On May 30, 2007, this Court affirmed the trial court's decision dismissing Appellant's petition for post-conviction relief.  *State v. King,* 5th Dist. No. CT2006-0021, 2007-Ohio-2810.

---

[1]  A Statement of Facts is not necessary to the resolution of this appeal.

{¶10} On July 21, 2006, Appellant filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was denied. *King v. Wolfe* (S.D. Ohio), 2007 WL 666626.

{¶11} On August 15, 2006, Appellant filed a Motion for a New Trial claiming newly discovered evidence. On January 9, 2007, the trial court denied Appellant's motion. On September 28, 2007, this Court affirmed the trial court's decision denying Appellant's motion for new trial. *State v. King,* 5th Dist. No. CT2007-0004, 2007-Ohio-5297.

{¶12} On October 8, 2008, Appellant filed a "Motion For Relief From Judgment" pursuant to Civ.R. 60(B). On October 15, 2008, the trial court summarily denied Appellant's motion. Appellant appealed the trial court's denial of his motion and on January 29, 2009, this Court denied the appeal, finding that his arguments were barred by *res judicata* and that they were substantively without merit. *State v. King*, 5th Dist. No. CT2008-0062, 2009-Ohio-412.

{¶13} Appellant then filed a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence" on March 13, 2009. On April 8, 2009, the trial court issued an entry denying Appellant's motion. Appellant continued to file papers in this matter, filing a "Motion to Correct Record and Reconsideration" on April 23, 2009, and a "Reply to State's Response to Defendant's Motion to Correct Record and Reconsideration." On April 27, 2009, the trial court denied Appellant's motion. Appellant appealed the April 8, 2009 judgment entry denying his post-conviction petition.

{¶14} On July 30, 2009, this Court affirmed the decision of the trial court in *State v. King,* 5th Dist. No. CT2009-0022, 2009-Ohio-3854. Appellant filed a motion for

reconsideration, which this Court denied on September 2, 2009. On October 5, 2009, Appellant filed a Notice of Appeal with the Ohio Supreme Court. The Ohio Supreme Court dismissed the appeal for want of prosecution on December 23, 2009.

{¶15} On September 15, 2009, Appellant filed a Motion to Correct Sentence/Re-Sentence Defendant with the trial court. The trial court issued its decision on October 14, 2009 denying Appellant's motion. Appellant filed an appeal of the trial court's decision and this Court affirmed the decision of the trial court in *State v. King*, 5thDist. No. CT2009-0047, 2010-Ohio-798.

{¶16} On November 2, 2010, Appellant filed the instant Successive Petition to Vacate or Set Aside Judgment of Conviction of Sentence. The trial court denied Appellant's petition on January 20, 2011. It is from this decision Appellant now appeals.

## ASSIGNMENTS OF ERROR

{¶17} Appellant raises two Assignments of Error:

{¶18} "I. THE APPELLANT'S UNITED STATES SIXTH AMENDMENT RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED WHEN COUNSEL FAILED TO OBJECT TO THE PRESENTATION OF AN ANALYSIST [SIC] REPORT AT TRIAL WITHOUT THE ANALYSIST [SIC] BEING PRESENT AT TRIAL TYO [SIC] CROSS EXAMINE THEREBY VIOLATING THE APPELLANT'S RIGHTS TO CONFRONT WITNESSES AGAINST HIM.

{¶19} "II. THE APPELLANT'S SIXTH AMENDMENT RIGHT [SIC] EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED WHEN TRIAL COUNSEL FAILED TO OBJECT TO THE AMENDING OF THE INDICTMENT THE DAY THE TRIAL STARTED."

{¶20} R.C. 2953.21(A) states, in part, as follows: "(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."

{¶21} Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the Supreme Court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

{¶22} "A petition for postconviction relief is a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction." *State v. Perry*, 5th Dist. No. 2010CA00185, 2011-Ohio-274, ¶ 12, citing *State v. Murphy* (Dec. 26, 2000), Franklin App. No. 00AP-233. "Although designed to address claimed constitutional violations, the post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment." Id., citing *State v. Calhoun* (1999), 86 Ohio St.3d 279, 281, 714 N.E.2d 905, 1999-Ohio-102; *State v. Steffen* (1994), 70

Ohio St.3d 399, 410, 693 N.E.2d 67, 1994-Ohio-111. "A petition for post-conviction relief, thus, does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition." Id., citing *State v. Jackson* (1980), 64 Ohio St.2d 107, 110, 413 N.E.2d 819; *State v. Lewis,* Stark App. No. 2007CA00358, 2008-Ohio-3113 at ¶ 8. A court need not issue findings of fact and conclusions of law when it dismisses an untimely petition or successive petitions for postconviction relief. *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155; *State ex rel. Fuller v. Sutula* (1999), 86 Ohio St. 3d 301, 714 N.E.2d 924.

{¶23} As an initial matter, we must examine the trial court's ability to review the Appellant's petition for postconviction relief.

{¶24} Appellant filed a direct appeal of his conviction and sentence. Appellant has also previously filed a petition for postconviction relief. It is undisputed that Appellant's second petition for postconviction relief was filed beyond the time requirement in R.C. 2953.21(A)(2). Accordingly, we must look to R.C. 2953.23(A)(1) to determine if the trial court could consider Appellant's successive petition for postconviction relief.

{¶25} The statute provides, in pertinent part:

{¶26} "* * * [A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

{¶27} "(1) Both of the following apply:

{¶28} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

{¶29} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable fact finder would have found the petitioner eligible for the death sentence."

{¶30} We now examine Appellant's Assignments of Error as to his petition to determine whether it was timely filed under R.C. 2953.23(A)(1).

## I.

{¶31} Appellant argues in his first Assignment of Error that his trial counsel was ineffective because he failed to object to police officer testimony referring to a report from the National Center for Missing and Exploited Children regarding the identity and ages of the minors depicted in the images found on Appellant's computer. Appellant contends that his Sixth Amendment right to confront witnesses was violated when the officers testified regarding the report when the preparer of the report was not made available as a witness.

{¶32} Appellant relies upon the United States Supreme Court's decision in *Melendez-Diaz v. Massachusetts* (2009), -- U.S. -- 129 S.Ct. 2527, 174 L.Ed.2d 314, to

contend the Confrontation Clause was violated.  In *Melendez-Diaz*, the U.S. Supreme Court held that laboratory reports prepared for trial were testimonial and failure to provide the testimony of the lab analyst was a violation of the Confrontation Clause. Appellant argues that the report prepared by the National Center for Missing and Exploited Children was within the purview of *Melendez-Diaz* and therefore Appellant should have been permitted to confront the preparer of that report.  Appellant argues that *Melendez-Diaz* is significant to Appellant's petition for postconviction relief for two reasons:   (1) *Melendez-Diaz*, decided in 2009, is a new federal right that applies retroactively therefore making Appellant's petition for post-conviction relief timely filed and (2) Appellant's counsel's failure to object to the testimony demonstrated ineffective assistance of counsel.

{¶33}  In *Crawford v. Washington* (2004), 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177, the Supreme Court held that, under the Confrontation Clause of the Sixth Amendment, testimonial statements made out of court cannot be admitted unless the witness is available for cross examination.  Later, in *Melendez–Diaz*, the Court clarified *Crawford* to include that laboratory reports prepared for trial are testimonial and that admission of such reports into evidence without the testimony of the lab analyst presents a Confrontation Clause violation.

{¶34}  The State argues that the holding in *Melendez-Diaz* is not a new federal right, but the application of a right already established by *Crawford* at the time of Appellant's original trial in 2005. Further, the report at issue in *Melendez-Diaz* was a laboratory report.  The report in the present case was the examination of images by the National Center for Missing and Exploited Children.

{¶35} The Northern District of Ohio in *Mitchell v. Kelly* (N.D. Ohio 2011), 2011 WL 2579784, supports the State's supposition that *Melendez-Diaz* did not create a new federal right. The district court in that case examined *Melendez-Diaz* for the disposition of a writ of habeas corpus. The court stated, "[t]he Supreme Court characterized *Melendez-Diaz*'s holding as 'little more than the application of our holding in *Crawford[.]*'" The court in *Mitchell* further held that *Melendez-Diaz* did not establish a new rule of law that required retroactive application.

{¶36} We find the Appellant's utilization of *Melendez-Diaz* to argue that his petition for postconviction for relief is timely filed under R.C. 2953.23(A)(1) is meritless. We therefore hold the trial court did not err in denying Appellant's petition for postconviction relief on that argument because it was without jurisdiction to consider such a petition. Based on our decision, it is unnecessary for this Court to further examine whether Appellant's counsel was ineffective for failing to object to the officers' testimony about the report.

{¶37} Appellant's first Assignment of Error is overruled.

## II.

{¶38} We next address Appellant's second Assignment of Error to determine whether the petition for postconviction relief was timely filed under the statutory rules or is otherwise procedurally barred. Appellant states in his second Assignment of Error that he received ineffective assistance of counsel when his counsel failed to object when the trial court permitted the State to amend the indictment on the day of trial.

{¶39} As an initial matter, we find Appellant has failed to set forth any grounds under R.C. 2953.23 for the filing of an untimely petition. Accordingly, the trial court properly denied the petition on this basis.

{¶40} We further find the doctrine of *res judicata* bars Appellant's argument. Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 671 N.E.2d 233, syllabus, approving and following *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. It is well settled that, "pursuant to *res judicata,* a defendant cannot raise an issue in a [petition] for post conviction relief if he or she could have raised the issue on direct appeal." *State v. Reynolds* (1997), 79 Ohio St.3d 158, 161, 679 N.E.2d 1131. Similarly, regarding claims of ineffective assistance of trial counsel in post conviction proceedings, the Ohio Supreme Court has stated that where a defendant, represented by different counsel on direct appeal, "fails to raise [in the direct appeal] the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence *dehors* the record, *res judicata* is a proper basis for dismissing defendant's petition for post conviction relief." *State v. Cole* (1982), 2 Ohio St.3d 112, 443 N.E.2d 169, syllabus; see, also, *Lentz,* 70 Ohio St.3d at 530, 639 N.E.2d 784.

{¶41} Appellant in this case made a direct appeal of his conviction and sentence. Appellant was represented by different counsel on direct appeal. There

appears no reason in the record that Appellant could not have raised the issue in his direct appeal. Therefore, we find that Appellant's argument is prohibited by *res judicata*.

{¶42} Appellant's second Assignment of Error is overruled.

{¶43} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J.

Gwin, P.J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RICHARD KING | : | |
| | : | |
| | : | Case No. CT2011-0006 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed.  Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE